UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRADY                                              CIVIL ACTION

VERSUS                                             NO: 14-1613

ST. JOHN THE BAPTIST PARISH                        SECTION: "J"(3)
COUNCIL ET AL.

## ORDER AND REASONS

Before the Court is a **Motion for Mediation Process (Rec. Doc. 10)** filed by Plaintiff Ashley Ann Brady and Defendants' opposition thereto. (Rec. Doc. 13) Having considered the motion and memoranda of the parties, the record, and the applicable law, the Court finds that the motion should be **DENIED** for the reasons set forth more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of Plaintiff's claims against St. John the Baptist Council and three of its members, Marvin Perrilloux, Virgil Rayneri, and Whitney Joseph, Jr., who she alleges are liable for violations of her rights under the

1

Fourteenth Amendment by denying access to her house and land located at 185 West 16th St. in Reserve, Louisiana. (Rec. Doc. 1, p. 1)

On July 14, 2014, Plaintiff, proceeding *pro se*, filed suit against St. John the Baptist Parish Council and three of its members. (Rec. Doc. 1) In her complaint, Plaintiff asserts that her house and land are not accessible from the north, south, east, and west directions to emergency response vehicles. (Rec. Doc. 1, p.1) Specifically, Plaintiff alleges that on June 20, 2014 and on July 4, 2014, Acadian Ambulance Emergency Services were unable to access her property at 185 West 16th St. (Rec. Doc. 1, p. 3) Plaintiff further alleges that both her and the emergency vehicles' inability to access 185 West 16th St. violates her rights under the Fourteenth Amendment, the Thirteenth Amendment, and the Equal Protection Clause of the United States Constitution, and Defendants are negligent in not providing emergency access to 185 West 16th St. (Rec. Doc. 1, p. 4-5)

Defendants filed a Motion for Extension of Time to Answer (Rec. Doc. 6), which the Court granted on July 23, 2014. (Rec. Doc. 7) Plaintiff then filed the instant motion, seeking an order to compel mediation. (Rec. Doc. 10) Subsequently, Defendants

filed their opposition to Plaintiff's motion. (Rec. Doc. 13) 22)

## PARTIES' ARGUMENTS

Plaintiff urges the Court to order or compel mediation. Plaintiff asserts that she will "voluntarily dismiss" her claims against Defendants when access to her home and land located at 185 West 16th St. is granted to all emergency response vehicles without restriction by way of an alleged St. John the Baptist Parish Utilities servitude.

Defendants' opposition stresses that there is no Federal Rule of Civil Procedure that "allows a party to unilaterally demand mediation in any proceeding." Furthermore, Defendants assert that although Plaintiff may have legitimate concerns, it appears that she has sued the wrong parties. Defendants urge the Court to deny Plaintiff's Motion for Mediation Process.

## LEGAL STANDARD & DISCUSSION

A court may grant a motion to compel mediation[1] or arbitration when the parties have previously entered into an arbitration or mediation agreement. See, e.g., Patriot Constr. & Equip., L.L.C. v. Quad States Constr., No. 2:13-cv-1529, 2014 WL 1340035, at *2 (W.D. La. Apr. 2, 2014); Office VP, LLC v. Ideal

---

[1] The cases cited herein examine whether to compel arbitration. Although some cases address whether to compel both arbitration and mediation, there does not appear to be a specific analysis for agreements to mediate.

3

Health, Inc., No. A-11-CV-741 LY, 2012 WL 787041, at *6-7 (W.D. Tex. Mar. 6, 2012); Quick Print of New Orleans, Inc. v. Danka Office Imaging Co., No. Civ.A. 04-644, 2004 WL 1488656, at *1-2 (E.D. La. June 30, 2012). Generally, when considering a motion to compel arbitration based on a preexisting agreement, a court will begin by assessing whether the Federal Arbitration Act (FAA) covers the contract between the parties. Quick Print of New Orleans, 2004 WL 1488656, at *1-2 (concluding that the FAA applies because the contract involved interstate commerce and fell within the reach of the Commerce Clause). Next, a court will determine "(1) whether there is a valid arbitration agreement between the parties; and (2) whether the dispute in question falls within the scope of the agreement." Quick Print of New Orleans, 2004 WL 1488656, at *2 (quoting Fleetwood Enters. v. Gaskamp, 280 F.3d 1069, 1072 (5th Cir. 2002)).

Absent a preexisting arbitration or mediation agreement, a court may order mediation with the parties' consent. According to Article 4 of the Eastern District of Louisiana's Civil Justice Expense and Delay Reduction Plan, "[i]f the presiding judicial officer determines at any time that the case will benefit from alternative dispute resolution, the judicial officer shall . . . have discretion to refer the case to private mediation, if the

4

parties consent."[2] Although other districts may allow a judicial official to order mediation without the consent of both parties,[3] the plain language of the Eastern District of Louisiana's plan suggests that the court may refer the case to mediation only with both parties' consent.

Here, Plaintiff urges the Court to order or compel mediation but does not identify any agreement between the parties that would permit such action. Thus, the Court cannot compel mediation in this case based upon any preexisting agreement. See Quick Print of New Orleans, 2004 WL 1488656, at *1-2. Furthermore, although the Court has the ability to refer a case to arbitration, the parties must consent to such action. As established by Defendants' opposition to the motion, all parties do not agree that mediation is the proper avenue for dispute resolution in this case. (Rec. Doc. 13, p. 1) Therefore, this Court declines to grant the request to compel mediation.

---

[2] This rule is reflected by Local Civil Rule of the United States District Court for the Eastern District of Louisiana 16.3.1.

[3] The Northern District of Texas' Civil Justice Expense and Delay Reduction Plan provides that "[a] judge may refer a case to ADR on the motion of any party, on the agreement of the parties, or on the Judge's own motion." See Nat'l Ctr. for Policy Analysis v. Fiscal Associates, Inc., No. 97- 660, 2002 WL 433038, at * 9 (N.D. Tex. Mar. 15, 2002)(quoting Northern District Civil Justice Expense and Delay Reduction Plan § IIIA).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Mediation Process (Rec. Doc. 10) is **DENIED**.

New Orleans, Louisiana, this 11th day of September, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE