UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRADY                                    CIVIL ACTION

VERSUS                                   NO: 14-1613

ST. JOHN THE BAPTIST PARISH              SECTION: "J"(3)
COUNCIL ET AL.

**ORDER AND REASONS**

Before the Court are **Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)** filed by Defendants Whitney Joseph, Jr., Assessor **(Rec. Doc. 14)**; Marvin Perrilloux, Chairman of St. John the Baptist Council **(Rec. Doc. 15)**; Virgil Rayneri, Director of Utilities for St. John the Baptist Parish **(Rec. Doc. 17)**; and St. John the Baptist Council **(Rec. Doc. 18)**. The motions are unopposed. Having considered the motion and memoranda of the parties, the record, and the applicable law, the Court finds that the motions should be **GRANTED** for the reasons set forth more fully below.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of Plaintiff's claims against St. John the Baptist Council and three of its members, Marvin

1

Perrilloux, Virgil Rayneri, and Whitney Joseph, Jr., who she alleges denied her access to her home and land located at 185 West 16th Street in Reserve, Louisiana. She claims that Defendants are negligent and in violation of her constitutional rights as a result of this denial. (Rec. Doc. 1, p. 1)

On July 14, 2014, Plaintiff, proceeding pro se, filed suit against St. John the Baptist Parish Council and three of its members. (Rec. Doc. 1) In her complaint, Plaintiff asserts that her house and land are not accessible from the north, south, east, and west directions to emergency response vehicles. (Rec. Doc. 1, p.1) Specifically, Plaintiff alleges that on June 20, 2014, and on July 4, 2014, Acadian Ambulance Emergency Services were unable to access her property at 185 West 16th St. (Rec. Doc. 1, p. 3) Plaintiff further alleges that both her and the emergency vehicles' inability to access 185 West 16th St. violates her rights under the Fourteenth Amendment, the Thirteenth Amendment, and the Equal Protection Clause of the United States Constitution, and Defendants are negligent in not providing emergency access to 185 West 16th St. (Rec. Doc. 1, p. 4-5)

Defendants filed the instant Motions to Dismiss Under Federal Rule of Civil Procedure (12)(b)(6) on August 27, 28, and

29, 2014. (Rec. Docs. 14, 15, 17, 18) The motions remain unopposed.

## PARTIES' ARGUMENTS

Defendants urge the Court to dismiss Plaintiff's claims because her complaint, "taken in its entirety," is "impossible to understand insofar as it purports to assert a claim for relief against" Defendants.[1] Defendants individually assert that they do not possess a legal responsibility or owe a duty to Plaintiff regarding her enclosed property. Further, they argue that although the Louisiana Civil Code does provide remedies and relief for individuals with enclosed property, such remedies must be pursued against those individuals specified in the Code, which does not include any of the named Defendants.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). The allegations "must be

---

[1] Defendants' motions are nearly identical, so the Court addresses them together.

simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 556 U.S. at 678.

A plaintiff proceeding pro se is held to a less stringent standard than a lawyer in drafted pleadings. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Fifth Circuit has held that pro se briefs should be given a liberal construction. Brown v. Sudduth, 675 F.3d 472, 477 (5th Cir.2012) (citing Mayfield v. Tex. Dep't of Criminal Justice, 529 F.3d 599, 604 (5th Cir.2008)). "This does not mean, however, that a court will invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the

4

absence of meaningful, albeit imperfect, briefing." <u>Slocum v. Devezin</u>, 948 F. Supp. 2d 661, 667 (E.D. La. June 3, 2013) (quoting <u>Jackson v. State Farm Fire & Cas. Co.</u>, 2010 WL 724108, *2 (E.D. La. Feb. 22, 2010)) (internal quotation marks omitted). "If dismissal of a pro se complaint is warranted, it should be without prejudice to allow [the plaintiff]  to file an amended complaint." <u>Smart v. U.S. Dep't of Veteran Affairs</u>, 759 F. Supp. 2d 867, 870 (W.D. Tex. Sept. 23, 2010) <u>(</u>quoting <u>Moawad v. Childs</u>, 673 F.2d 850, 851 (5th Cir. 1982)). However, a court may dismiss a *pro se* complaint with prejudice "when the plaintiff 'is fully apprised of [the] complaint's potential insufficiency and [has been] given [an] opportunity to correct any insufficiencies.'" <u>Smart</u>, 759 F. Supp. 2d at 871 (quoting <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir.1998)).

## DISCUSSION

Construing Plaintiff's complaint liberally as this Court is required to do, it is possible that Plaintiff has a claim for forced passage under Louisiana law. An owner of an enclosed estate, or an estate lacking access to a public road, "may claim a right of passage over neighboring property to the nearest

public road."[2] LA. CIV. CODE art. 693. "In an action seeking a forced passage on the land of a neighbor, plaintiff is normally the owner of the enclosed estate or his representative." 4 La. Civ. L. Treatise, Predial Servitudes § 5:12 (4th ed.). Additionally,

> proper party defendant is the owner of the estate that blocks plaintiff's access to a public road. When an enclosed estate is surrounded by several estates that communicate with a public road, the proper defendant is the owner of the land on which the right of passage is sought. Whether a particular neighbor must be joined as a party depends on facts and circumstances. Impleading all of the neighbors is usually recommended, unless the record establishes with certainty that the passage sought on the land of a particular neighbor is the shortest and most convenient route to the public road. If it does not appear from the record that the passage sought on the land of the defendant is the shortest and most convenient route to the public road, the action will be dismissed unless the owner of the land that offers the shortest and most direct route is before the court.

Id. Thus, Plaintiff's claim is not cognizable against the parish council and its members unless those members happen to own the estates that block Plaintiff's access to a public road. Plaintiff has not alleged as much, and the record does not suggest that to be the case.

---

[2] However, "[i]f an estate becomes enclosed as a result of a voluntary act or omission of its owner, the neighbors are not bound to furnish a passage to him or his successors." LA. CIV. CODE art. 693. In such a case, although a legal servitude may not arise, a plaintiff may seek a conventional servitude allowing for passage from a neighbor whose land would provide access to a public road.

Moreover, that Plaintiff's estate may be enclosed does not give rise to claims against Defendants named herein for negligence or violations of the Thirteenth and Fourteenth Amendments. First, a claim for negligence would require Plaintiff to prove that Defendants had a duty to Plaintiff. Defendants have no duty, however, to furnish a right of passage to Plaintiff or to ensure that her estate is not enclosed. Second, the Thirteenth Amendment abolishes slavery. See U.S. CONST. amend. XIII, § 1. Nothing in the instant case has anything whatsoever to do with slavery. Lastly, Plaintiff's enclosed estate does not implicate the Due Process Clause or Equal Protection Clause. Plaintiff provides conclusory statements that Defendants' actions violate Due Process and Equal Protection, but Plaintiff alleges no facts to show that her estate became enclosed due to State action. Plaintiff cannot state a claim under the Fourteenth Amendment absent an allegation, supported by the facts, that State action somehow played a role in her injury. See U.S. CONST. amend. XIV, § 1. Plaintiff therefore has failed to state claims for negligence or violations of the Thirteenth or Fourteenth Amendments.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (Rec. Doc. 14, 15, 17, 18) are **GRANTED**.

7

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED with prejudice.**

New Orleans, Louisiana, this 27th day of October, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE